## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## TEXARKANA DIVISION

**MARY MARGARET MATHIS, individually and as Administrator of the ESTATE OF HOLLY BARLOW-AUSTIN; and MICHAEL GLENN AUSTIN, individually,**

**VERSUS**

**SOUTHWESTERN CORRECTIONAL, LLC d/b/a LASALLE CORRECTIONS, LLC and LASALLE SOUTHWEST CORRECTIONS; LASALLE MANAGEMENT COMPANY, LLC; BOWIE COUNTY, TEXAS; TIMOTHY REYNOLDS, M.D., individually; STEVEN FOLTZ, individually; JAMES MCCANN, individually; MICHELLE ARNOLD, individually; TIFFANY HILL, individually; A. HUGHES, individually; B. CERY, individually; and JOHN and JANE DOES 1-10.**

**CIVIL ACTION NO. 5:20-CV-00146**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, CROSS CLAIM AND THIRD-PARTY DEMAND

**NOW INTO COURT**, through undersigned counsel, come Defendants, Southwestern Correctional, LLC d/b/a LaSalle Corrections, LLC; LaSalle Management Company, LLC, Bowie County, Texas; Amanda Hughes, Markesha Jones, Tiffany Hill,  Brittany Cooksey, and Michelle Arnold (collectively,  "Defendants"), which respectfully submit this Answer denying the allegations of plaintiffs, Mary Margaret Mathis, individually and as Administrator of the Estate of Holly Barlow-Austin; and Michael Glenn Austin, individually (collectively, "Plaintiffs"), as set forth in their Original Complaint, amended by their First and Second Amended Complaints, (collectively, "Complaint") in these proceedings, except those specifically admitted herein.

## <u>DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT</u>

1.

Defendants admit only that Holly Barlow-Austin ("Austin") was incarcerated at the Bowie County Correctional Center ("BCCC") and the Bi-State Justice Center ("BiState"), collectively known as (the "Facility") during the relevant time period. Defendants deny the remaining allegations of paragraph 1 of the Second Amended Complaint ("SAC"). Further answering, Southwestern Correctional, LLC d/b/a LaSalle Corrections, LLC ("LaSalle") contracted with Bowie County, Texas to operate the Facility during the relevant time period. Said contract is a written document which speaks for itself and is the best evidence of its contents, including any terms and conditions thereof.

2.

Defendants deny the allegations of paragraph 2 of the SAC.

3.

Defendants deny the allegations of paragraph 3 of the SAC. Further answering, Austin's death was an isolated incident and Defendants specifically deny that any systematic constitutional deficiencies existed within the Facility or that other incidents described in the Second Amended Complaint evidences a pattern of unconstitutional misconduct.

4.

Defendants admit the allegations of paragraph 4 of the SAC.

5.

Defendants admit the allegations of paragraph 5 of the SAC.

6.

The allegations of paragraph 6 of SAC contain conclusions of law not requiring a response by Defendants. To the extent a response is deemed required, the allegations are denied.

7.

Defendants are without sufficient information to admit or deny the allegations of paragraph 7 of the SAC.

8.

Defendants are without sufficient information to admit or deny the allegations of paragraph 8 of the SAC.

9.

For answer to the allegations of paragraph 9 of the SAC, it is admitted that Bowie County is a government entity and a political subdivision of the State of Texas. Further answering, Bowie County contracted with LaSalle related to the operation of the Facility. Said contract is a written document which speaks for itself and is the best evidence of its contents, including any terms and conditions thereof. The remaining allegations of Paragraph 9 consist of conclusions of law that do not require a response, and are otherwise denied to the extent they are inconsistent with the terms of the referenced contract.

10.

For answer to the allegations of paragraph 10 of the SAC, it is admitted that Bowie County contracted with LaSalle related to the operation of the Facility. Said contract is a written document which speaks for itself and is the best evidence of its contents, including any terms and conditions thereof. The remaining allegations of Paragraph 10 consist of conclusions of law that do not require

a response, and are otherwise denied to the extent they are inconsistent with the terms of the referenced contract.

11.

Defendants answer to the allegations of paragraph 11 of the SAC, the first sentence is denied as written. The defendant's correct name is Southwestern Correctional, LLC d/b/a LaSalle Corrections, LLC. It is further admitted that Southwestern Correctional, LLC d/b/a LaSalle Corrections, LLC contracted with Bowie County related to the operation of the Facility. Said contract is a written document which speaks for itself and is the best evidence of its contents, including any terms and conditions thereof. Any remaining allegations of paragraph 11 consist of conclusions of law not requiring a response. To the extent a response is deemed required any remaining allegations are denied to the extent they are inconsistent with the terms of the referenced contract and otherwise denied.

12.

For answer to the allegations of paragraph 12 of the SAC, it is admitted that LaSalle Management is a Louisiana Limited Liability Company. The remaining allegations of Paragraph 12 consist of conclusions of law not requiring a response and are otherwise denied.

13.

The allegations of paragraph 13 of the SAC are not directed to Defendants and are rife with conclusions of law, as such no response is required. However, to the extent a response is required, the allegations are denied.

14.

The allegations of paragraph 14 of the SAC are not directed to Defendants and are rife with conclusions of law, as such no response is required. However, to the extent a response is required, the allegations are denied.

15.

The allegations of paragraph 15 of the SAC are not directed to Defendants and are rife with conclusions of law, as such no response is required. However, to the extent a response is required, the allegations are denied.

16.

For answer to the allegations of paragraph 16 of the SAC, it is admitted Arnold is a Texas citizen and was an employee of LaSalle and served as the nursing supervisor and health services administrator at the Facility. The remaining allegations consist of conclusions of law not requiring a response, and are otherwise are denied as written.

17.

For answer to the allegations of paragraph 17 of the SAC, it is admitted that Hill is a United States citizen, resides in Texas,and was employed by LaSalle as a LPN. It is also admitted that her duties included providing certain medical care to inmates and detainees at the Facility. Any remaining allegations consist of conclusions of law not requiring a response and are otherwise denied as written.

18.

For answer to the allegations of paragraph 18 of the SAC it is admitted that Markesha Jones is a United States citizen, resides in Texas, and was employed by LaSalle as a LVN. It is also admitted that her duties included providing medical care to inmates and detainees at the Facility.

Any remaining allegations consist of conclusions of law not requiring a response and are otherwise denied as written.

19.

For answer to the allegations of paragraph 19 of the SAC it is admitted that Amanda Hughes is a United States citizen, resides in Texas, and was employed by LaSalle as a LVN.   It is also admitted that her duties included providing medical care to inmates and detainees at the Facility. Any remaining allegations consist of conclusions of law not requiring a response, and are otherwise denied as written.

20.

For answer to the allegations of paragraph 20 of the SAC it is admitted that Brittany Cooksey is a United States citizen, resides in Texas, and was employed by LaSalle as a LPN.  It is also admitted that her duties included providing medical care to inmates and detainees at the Facility.  Any remaining allegations consist of conclusions of law not requiring a response, and are otherwise denied as written.

21.

The allegations of paragraph 21 of the SAC do not require a response. To the extent a response is deemed required, the allegations of paragraph 21 of the SAC are denied.

### IV.    FACTUAL ALLEGATIONS

22.

Except to admit that Austin had HIV, the remaining allegations of paragraph 22 of the SAC are denied for lack of sufficient information to justify a belief therein.  Further answering, during intake at the Facility Austin failed to disclose her HIV status and medical conditions.

23.

Defendants are without sufficient information to admit or deny the allegations of paragraph 23 of the SAC.  Further answering, during intake at the Facility Austin failed to disclose her HIV status and medical conditions.

24.

Except to admit that Ms. Barlow-Austin was confined in the Bi-State Jail and was booked on April 5, 2019, the remaining allegations of paragraph 24 of the SAC contain conclusions of law, which do not require a response by Defendants.

25.

Defendants deny the allegations of paragraph 25 of the SAC to the extent they are inconsistent with Austin's medical records and jail file, which are the best evidence of their contents.  Further answering, during intake at the Facility Austin failed to disclose her HIV status and medical conditions.

26.

Except to admit that a medical record request was sent to Texarkana Care Clinic on or around April 6, 2019 and the records were received on or around May 13, 2019, the remaining allegations of paragraph 26 of the SAC are denied for lack of sufficient information to justify a belief therein. Further answering, Austin's medical records and jail file are the best evidence of their contents and speak for themselves.

27.

Except to admit that Glen Austin brought the Facility prescriptions which were allegedly for Austin, the remaining allegations of paragraph 27 of the SAC are denied for lack of sufficient information to justify a belief therein.

28.

Defendants deny the allegations of paragraph 28 of the SAC for lack of sufficient information to justify a belief therein.

29.

Defendants deny the allegations paragraph 29 of the SAC to the extent they are inconsistent with Austin's medical records and jail file.

30.

The allegations of paragraph 30 of the SAC are admitted to the extent Ms. Barlow-Austin submitted a Medical Request/Consent for Treatment form which is the best evidence of its contents.  The remaining allegations are denied.

31.

Defendants deny the allegations paragraph 31 of the SAC to the extent they are inconsistent with Austin's medical records and jail file, which are the best evidence of their contents.

32.

Defendants deny the allegations paragraph 32 of the SAC to the extent they are inconsistent with Austin's medical records and jail file, which are the best evidence of their contents.

33.

Defendants deny the allegations paragraph 33 of the SAC to the extent they are inconsistent with Austin's medical records and jail file, which are the best evidence of their contents.

34.

Defendants deny the allegations paragraph 34 of the SAC to the extent they are inconsistent with Austin's medical records and jail file, which are the best evidence of their contents.

35.

Except to admit the allegations in the second and third sentences of paragraph 35 of the SAC, the remaining allegations are denied for lack of sufficient information to justify a belief therein.

36.

The allegations of paragraph 36 in the SAC are denied for lack of sufficient information to justify a belief therein.

37.

Defendants deny the allegations paragraph 37 of the SAC to the extent they are inconsistent with Austin's medical records and jail file, which are the best evidence of their contents.

38.

Defendants deny the allegations paragraph 38 of the SAC to the extent they are inconsistent with Austin's medical records and jail file, which are the best evidence of their contents.

39.

Defendants deny the allegations paragraph 39 of the SAC to the extent they are inconsistent with Austin's medical records and jail file, which are the best evidence of their contents.

40.

Defendants deny the allegations paragraph 40 of the SAC to the extent they are inconsistent with Austin's medical records and jail file, which are the best evidence of their contents.

41.

The allegations of paragraph 41 of the SAC are denied for lack of sufficient information to justify a belief therein and to the extent that they are inconsistent with Austin's medical records and jail file, which are the best evidence of their contents.

42.

Except to admit that she was seen by an outside mental health provider, the remaining allegation of paragraph 42 of the SAC are denied. Austin's medical records and jail file are the best evidence of their contents.

43.

Defendants deny the allegations paragraph 43 of the SAC to the extent they are inconsistent with Austin's medical records and jail file, which are the best evidence of their contents.

44.

Defendants deny the allegations paragraph 44 of the SAC to the extent they are inconsistent with Austin's medical records and jail file, which are the best evidence of their contents.

45.

Defendants deny the allegations paragraph 45 of the SAC to the extent they are inconsistent with Austin's medical records and jail file, which are the best evidence of their contents.

46.

The allegations of paragraph 46 of the SAC are denied for lack of sufficient information to justify a belief therein.

47.

Defendants deny the allegations paragraph 47 of the SAC to the extent they are inconsistent
with Austin's medical records and jail file, which are the best evidence of their contents.

48.

Defendants deny the allegations paragraph 48 of the SAC to the extent they are
inconsistent with Austin's medical records and jail file, which are the best evidence of their
contents.

49.

Defendants are without sufficient information to admit or deny the allegations of paragraph
49 of the SAC.

50.

The allegations of paragraph 50 of the SAC are denied for lack of sufficient information to
justify a belief therein.

51.

Defendants deny the allegations paragraph 51 of the SAC to the extent they are inconsistent
with Austin's medical records and jail file, which are the best evidence of their contents.

52.

Defendants deny the allegations contained within the first sentence of paragraph 52 of the
SAC to the extent they are inconsistent with Austin's medical records and jail file, which are the
best evidence of their contents.  The remaining allegations of paragraph 52 of the SAC are denied
for lack of sufficient information to justify a belief therein.

53.

The allegations of paragraph 53 of the SAC are denied for lack of sufficient information to justify a belief therein and to the extent they are inconsistent with Austin's medical records and jail file, which are the best evidence of their contents.

54.

Defendants deny the allegations paragraph 54 of the SAC are denied for lack of sufficient information to justify a belief therein and to the extent they are inconsistent with Austin's medical records and jail file, which are the best evidence of their contents.

55.

Defendants deny the allegations paragraph 55 of the SAC to the extent they are inconsistent with Austin's medical records and jail file, which are the best evidence of their contents.

56.

The allegations of paragraph 56 of the SAC are denied for lack of sufficient information to justify a belief therein.

57.

Defendants deny the allegations paragraph 57 of the SAC to the extent they are inconsistent with Austin's medical records and jail file, which are the best evidence of their contents.

58.

Defendants deny the allegations paragraph 58 of the SAC to the extent they are inconsistent with Austin's medical records and jail file, which are the best evidence of their contents.

59.

Except to deny for lack of sufficient information that Austin's husband visited her, the remaining allegations of paragraph 59 of the SAC are denied.

60.

The allegations of paragraph 60 of the SAC are denied for lack of sufficient information.

61.

Defendants admit that a LaSalle guard filmed Austin, which is the best evidence of its contents. Further answering, all allegations of paragraph 61 of the SAC which are inconsistent with said video, Austin's jail file and medical records, which are the best evidence of their contents, are denied.

62.

Except to admit that it was noted that Austin "refused to get up and come to medical," the remaining allegations of paragraph 62 of the SAC are denied. Further answering, Austin's medical records and jail file are the best evidence of their contents.

63.

Except to admit that her husband went to the Bi-State Jail, the remaining allegations of paragraph 63 of the SAC are denied for lack of sufficient information.

64.

Except to admit that it was noted that she remained in "med obs" and there were zero needs voiced at this time and zero distressed noted, the remaining allegations of paragraph 64 of the SAC are denied. Further answering, the allegations are denied to the extent they are inconsistent with Austin's medical records and jail file, which are the best evidence of their contents.

65.

The surveillance video, which is the best evidence of its contents, speaks for itself and does not require a response. To the extent a response is deemed required, the allegations of paragraph 65 are denied as written.

66.

Except to admit the existence of the surveillance video, which is the best evidence of its contents, the remaining allegations of paragraph 66 of the SAC are denied.

67.

Except to admit the existence of the surveillance video, which is the best evidence of its contents, the remaining allegations of paragraph 67 of the SAC are denied.

68.

Except to admit the existence of the surveillance video, which is the best evidence of its contents, the remaining allegations of paragraph 68 of the SAC are denied.

69.

Except to admit the existence of surveillance video, which is the best evidence of its contents, the remaining allegations of paragraph 69 of the SAC are denied.

70.

Except to admit the existence of surveillance video, which is the best evidence of its contents, the remaining allegations of paragraph 70 of the SAC are denied.

71.

Except to admit the existence of surveillance video, which is the best evidence of its contents, the remaining allegations of paragraph 71 of the SAC are denied.

72.

Except to admit the existence of surveillance video, which is the best evidence of its contents, the remaining allegations of paragraph 72 of the SAC are denied.

73.

Except to admit the existence of surveillance video, which is the best evidence of its contents, the remaining allegations of paragraph 73 of the SAC are denied.

74.

Except to admit the existence of surveillance video, which is the best evidence of its contents, the remaining allegations of paragraph 74 of the SAC are denied.

75.

Except to admit the existence of surveillance video, which is the best evidence of its contents, the remaining allegations of paragraph 75 of the SAC are denied.

76.

The allegations of paragraph 76 of the SAC are denied.

77.

Except to admit the existence of surveillance video, which is the best evidence of its contents, the remaining allegations of paragraph 77 of the SAC are denied.

78.

Except to admit the existence of surveillance video, which is the best evidence of its contents, the remaining allegations of paragraph 78 of the SAC are denied.

79.

Except to admit the existence of surveillance video, which is the best evidence of its contents, the remaining allegations of paragraph 79 of the SAC are denied.

80.

Except to admit the existence of surveillance video, which is the best evidence of its contents, the remaining allegations of paragraph 80 of the SAC are denied.

81.

Except to admit the existence of surveillance video, which is the best evidence of its contents, the remaining allegations of paragraph 81 of the SAC are denied.

82.

Except to admit it was noted that she refused to take water and medication, the remaining allegations of paragraph 82 of the SAC are denied. The allegations are further denied to the extent they are inconsistent with Austin's medical records and jail file, which are the best evidence of their contents.

83.

The allegations of paragraph 83 of the SAC are denied.

84.

Except to admit the existence of surveillance video, which is the best evidence of its contents, the remaining allegations of paragraph 84 of the SAC are denied. Defendants further deny that the allegations contained within paragraph 84 are accurate, complete, or correct.

85.

Except to admit the existence of surveillance video, which is the best evidence of its contents, the remaining allegations of paragraph 85 of the SAC are denied. Defendants further deny that the allegations contained within paragraph 85 are accurate, complete, or correct.

86.

Except to admit the existence of surveillance video, which is the best evidence of its contents, the remaining allegations of paragraph 86 of the SAC are denied. Defendants further deny that the allegations contained within paragraph 86 are accurate, complete, or correct.

87.

Except to admit the existence of surveillance video, which is the best evidence of its contents, the remaining allegations of paragraph 87 of the SAC are denied. Defendants further deny that the allegations contained within paragraph 87 are accurate, complete, or correct.

88.

Except to admit the existence of surveillance video, which is the best evidence of its contents, the remaining allegations of paragraph 88 of the SAC are denied. Defendants further deny that the allegations contained within paragraph 88 are accurate, complete, or correct.

89.

Except to admit the existence of surveillance video, which is the best evidence of its contents, the remaining allegations of paragraph 89 of the SAC are denied. Defendants further deny that the allegations contained within paragraph 89 are accurate, complete, or correct.

90.

Except to admit the existence of surveillance video, which is the best evidence of its contents, the remaining allegations of paragraph 90 of the SAC are denied. Defendants further deny that the allegations contained within paragraph 90 are accurate, complete, or correct.

91.

Except to admit the existence of surveillance video, which is the best evidence of its contents, the remaining allegations of paragraph 91 of the SAC are denied. Defendants further deny that the allegations contained within paragraph 91 are accurate, complete, or correct.

92.

Except to admit the existence of surveillance video, which is the best evidence of its contents, the remaining allegations of paragraph 92 of the SAC are denied. Defendants further deny that the allegations contained within paragraph 92 are accurate, complete, or correct.

93.

The allegations contained within sentences 1, 2, 4, 5, and 6 of paragraph 93 of the SAC are admitted. The remaining allegations are denied. Defendants further deny that the allegations contained within paragraph 93 are accurate, complete, or correct.

94.

Except to admit the existence of surveillance video, which is the best evidence of its contents, the remaining allegations of paragraph 94 of the SAC are denied. Defendants further deny that the allegations contained within paragraph 94 are accurate, complete, or correct.

95.

Except to admit the existence of surveillance video, which is the best evidence of its contents, the remaining allegations of paragraph 95 of the SAC are denied. Defendants further deny that the allegations contained within paragraph 95 are accurate, complete, or correct.

96.

Except to admit the existence of surveillance video, which is the best evidence of its contents, the remaining allegations of paragraph 96 of the SAC are denied. Defendants further deny that the allegations contained within paragraph 96 are accurate, complete, or correct.

97.

Except to admit the existence of surveillance video, which is the best evidence of its contents, the remaining allegations of paragraph 97 of the SAC are denied. Defendants further deny that the allegations contained within paragraph 97 are accurate, complete, or correct.

98.

Except to admit the existence of surveillance video, which is the best evidence of its contents, the remaining allegations of paragraph 98 of the SAC are denied. Defendants further deny that the allegations contained within paragraph 98 are accurate, complete, or correct.

99.

Except to admit the existence of surveillance video, which is the best evidence of its contents, the remaining allegations of paragraph 99 of the SAC are denied. Defendants further deny that the allegations contained within paragraph 99 are accurate, complete, or correct.

100.

Except to admit the existence of surveillance video, which is the best evidence of its contents, the remaining allegations of paragraph 100 of the SAC are denied. Defendants further deny that the allegations contained within paragraph 100 are accurate, complete, or correct.

101.

Except to admit the existence of surveillance video, which is the best evidence of its contents, the remaining allegations of paragraph 101 of the SAC are denied. Defendants further deny that the allegations contained within paragraph 101 are accurate, complete, or correct.

102.

Except to admit the existence of surveillance video, which is the best evidence of its contents, the remaining allegations of paragraph 102 of the SAC are denied. Defendants further deny that the allegations contained within paragraph 102 are accurate, complete, or correct.

103.

Except to admit the existence of surveillance video, which is the best evidence of its contents, the remaining allegations of paragraph 103 of the SAC are denied. Defendants further deny that the allegations contained within paragraph 103 are accurate, complete, or correct.

104.

Except to admit the existence of surveillance video, which is the best evidence of its contents, the remaining allegations of paragraph 104 of the SAC are denied. Defendants further deny that the allegations contained within paragraph 104 are accurate, complete, or correct.

105.

Except to admit the existence of surveillance video, which is the best evidence of its contents, the remaining allegations of paragraph 105 of the SAC are denied. Further answering, the allegations are denied to the extent they are inconsistent with Austin's medical records and jail file, which are the best evidence of their contents. Defendants further deny that the allegations contained within paragraph 105 are accurate, complete, or correct.

106.

Except to admit the existence of surveillance video, which is the best evidence of its contents, the remaining allegations of paragraph 106 of the SAC are denied. Defendants further deny that the allegations contained within paragraph 106 are accurate, complete, or correct.

107.

Except to admit the existence of surveillance video, which is the best evidence of its contents, the remaining allegations of paragraph 107 of the SAC are denied. Defendants further deny that the allegations contained within paragraph 107 are accurate, complete, or correct.

108.

Except to admit the existence of surveillance video, which is the best evidence of its contents, the remaining allegations of paragraph 108 of the SAC are denied. Defendants further deny that the allegations contained within paragraph 108 are accurate, complete, or correct.

109.

Defendants deny the allegations paragraph 109 the SAC to the extent they are inconsistent with Austin's medical records, jail file, and any surveillance video of the alleged incident.  Further answering, Austin's medical records, jail file, and any surveillance videos speak for themselves and are the best evidence of their contents.  Defendants further deny that the allegations contained within paragraph 109 are accurate, complete, or correct.

110.

The allegations of paragraph 110 of SAC are denied.

111.

Defendants deny the allegations paragraph 111 the SAC to the extent they are inconsistent with Austin's medical records, jail file, and any surveillance video of the alleged incident.  Further answering, Austin's medical records, jail file, and any surveillance videos speak for themselves and are the best evidence of their contents.  Defendants further deny that the allegations contained within paragraph 111 of the SAC are accurate, complete, or correct.

112.

The allegations of paragraph 112 of SAC are denied.

113.

The allegations of paragraph 113 of SAC are denied.

114.

The allegations of paragraph 114 of SAC are denied.

115.

The allegations of paragraph 115 of SAC are denied.

116.

Defendants deny the allegations paragraph 116 the SAC to the extent they are inconsistent with Austin's medical records and jail file.   Further answering, Austin's medical records and jail file speak for themselves and are the best evidence of their contents.  Defendants further deny that the allegations contained within paragraph 116 are accurate, complete, or correct.

117.

Defendants deny the allegations paragraph 117 the SAC to the extent they are inconsistent with Austin's medical records and jail file.   Further answering, Austin's medical records and jail file speak for themselves and are the best evidence of their contents.  Defendants further deny that the allegations contained within paragraph 117 are accurate, complete, or correct.

118.

The allegations of paragraph 118 of the SAC are denied for lack of sufficient information to justify a belief therein.

119.

Except to admit that Austin died on June 17, 2019, the remaining allegations of paragraph 119 of the SAC are denied.

120.

The allegations of paragraph 120 of SAC are denied.

121.

The allegations of paragraph 121 of SAC are denied.

122.

The allegations of paragraph 122 of SAC are denied.

123.

The allegations of paragraph 123 of SAC are denied.

124.

The allegations of paragraph 124 of SAC are denied.

125.

The allegations of paragraph 125 of SAC are denied.

126.

Except to admit the first sentence of paragraph 126 of the SAC, the remaining allegations of paragraph 126 of SAC are denied.

127.

The allegations of paragraph 127 of SAC are denied.

128.

The allegations of paragraph 128 of SAC are denied.

129.

The allegations of paragraph 129 of SAC are denied.

130.

The allegations of paragraph 130 of SAC are denied.

131.

The allegations of paragraph 131 of SAC are denied.  Further answering, Austin's death was an isolated incident and Defendants specifically deny that any systematic constitutional deficiencies existed within the Facility or that other incidents described in the SAC evidences a pattern of unconstitutional misconduct.

132.

The allegations of paragraph 132 of SAC are denied.  Further answering, Austin's death was an isolated incident and Defendants specifically deny that any systematic constitutional deficiencies existed within the Facility or that other incidents described in the Second Amended Complaint evidences a pattern of unconstitutional misconduct.

133.

Except to admit that Michael Sabbie died in July 2015 at the Facility, the allegations contained in paragraph 133 of the SAC are denied. Further answering, Austin's death was an isolated incident and Defendants specifically deny that any systematic constitutional deficiencies existed within the Facility or that the incident described in paragraph 133 evidences a pattern of unconstitutional misconduct.

134.

The allegations contained in paragraph 134 of the SAC are denied except to admit that United States Magistrate Judge Caroline M. Craven, issued a report and recommendation dated

March 6, 2019 in the matter entitled *Sabbie v. Southwestern Corr., LLC*, No. 5:17cv113-RWSCMC, 2019 U.S. Dis. LEXIS 214463 (E.D. Tex., March 6, 2019). Further answering, Austin's death was an isolated incident and Defendants specifically deny that any systematic constitutional deficiencies existed within the Facility or that the incident described in paragraph 134 evidences a pattern of unconstitutional misconduct.

135.

The allegations contained in paragraph 135 of the SAC are denied. Further answering, Austin's death was an isolated incident and Defendants specifically deny that any systematic constitutional deficiencies existed within the Facility or that the incident described in paragraph 135 evidences a pattern of unconstitutional misconduct.

136.

Except to admit that Morgan Angerbauer died in July, 2016 at the Facility, the allegations contained in paragraph 136 of the SAC are denied. Further answering, Austin's death was an isolated incident and Defendants specifically deny that any systematic constitutional deficiencies existed within the Facility or that the incident described in paragraph 136 evidences a pattern of unconstitutional misconduct.

137.

Except to admit that a Mr. Cordova-Sanchez died in the Facility in November 2017, the allegations contained in paragraph 50 of the SAC are denied. Further answering, Austin's death was an isolated incident and Defendants specifically deny that any systematic constitutional deficiencies existed within the Facility or that the incident described in paragraph 137 evidences a pattern of unconstitutional misconduct.

138.

The allegations contained in paragraph 138 of the SAC are denied for lack of sufficient information to justify a belief therein. Further answering, Austin's death was an isolated incident and Defendants specifically deny that any systematic constitutional deficiencies existed within the Facility or that the incident described in paragraph 138 evidences a pattern of unconstitutional misconduct.

139.

The allegations contained in paragraph 139 of the SAC are denied. Further answering, Austin's death was an isolated incident and Defendants specifically deny that any systematic constitutional deficiencies existed within the Facility or that the incident described in paragraph 139 evidences a pattern of unconstitutional misconduct.

140.

The allegations contained in paragraph 140 of the SAC are denied. Further answering, Austin's death was an isolated incident and Defendants specifically deny that any systematic constitutional deficiencies existed within the Facility or that the incident described in paragraph 140 evidences a pattern of unconstitutional misconduct.

141.

Except to admit that Greathouse died in March 2019, the remaining allegations contained in paragraph 141 of the SAC are denied. Further answering, Austin's death was an isolated incident and Defendants specifically deny that any systematic constitutional deficiencies existed within the Facility or that the incident described in paragraph 141 evidences a pattern of unconstitutional misconduct.

142.

Except to admit that Austin was confined in the Bi-State Jail, the remaining allegations of paragraph 142 of SAC are denied. Further answering, Austin's death was an isolated incident and Defendants specifically deny that any systematic constitutional deficiencies existed within the Facility or that the incident described in paragraph 142 evidences a pattern of unconstitutional misconduct.

143.

Except to admit that Greg McElvy died in September, 2013, the allegations contained in paragraph 143 of the SAC are denied. Further answering, Austin's death was an isolated incident and Defendants specifically deny that any systematic constitutional deficiencies existed within the Facility or that the incident described in paragraph 143 evidences a pattern of unconstitutional misconduct.

144.

Except to admit that Ronald Beesley died in June, 2015, the allegations contained in paragraph 144 of the SAC are denied. Further answering, Austin's death was an isolated incident and Defendants specifically deny that any systematic constitutional deficiencies existed within the Facility or that the incident described in paragraph 144 evidences a pattern of unconstitutional misconduct.

145.

Except to admit that Michael Martinez died in November, 2015 and Kristian Culver died in May, 2016, the allegations contained in paragraph 145 of the SAC are denied. Further answering, Austin's death was an isolated incident and Defendants specifically deny that any

systematic constitutional deficiencies existed within the Facility or that the incident described in paragraph 145 evidences a pattern of unconstitutional misconduct.

146.

The allegations of paragraph 146 of SAC are denied. Further answering, Austin's death was an isolated incident and Defendants specifically deny that any systematic constitutional deficiencies existed within the Facility or that the incident described in paragraph 146 evidences a pattern of unconstitutional misconduct.

147.

Except to admit that Denay Lauren Birne died in November, 2017, the allegations contained in paragraph 147 of the SAC are denied. Further answering, Austin's death was an isolated incident and Defendants specifically deny that any systematic constitutional deficiencies existed within the Facility or that the incident described in paragraph 147 evidences a pattern of unconstitutional misconduct.

148.

The allegations of paragraph 148 of SAC are denied.

149.

The allegations of paragraph 149 of SAC are denied.

150.

The allegations of paragraph 150 of SAC are denied.

151.

The allegations of paragraph 151 of SAC are denied.

152.

The allegations of paragraph 152 of SAC are denied.

153.

The allegations of paragraph 153 of SAC are denied.

154.

The allegations of paragraph 154 of SAC are denied.

155.

The allegations of paragraph 155 of SAC are denied.

156.

The allegations of paragraph 156 of SAC are denied.

157.

The allegations of paragraph 157 of SAC are denied.

158.

The allegations of paragraph 157 of SAC are denied.

159.

The allegations of paragraph 159 of SAC contain conclusions of law not requiring a response. The remaining allegations of paragraph 159 of SAC are denied.

160.

The allegations of paragraph 160 of SAC are denied.

161.

The allegations of paragraph 161 of SAC are denied.

162.

The allegations of paragraph 162 of SAC are denied.

163.

The allegations of paragraph 163 of SAC are denied.

164.

The allegations of paragraph 164 of SAC contain conclusions of law not requiring a response. The remaining allegations of paragraph 164 of SAC are denied.

165.

The allegations of paragraph 165 of SAC contain conclusions of law not requiring a response. The remaining allegations of paragraph 165 of SAC are denied.

166.

The allegations of paragraph 166 of SAC contain conclusions of law not requiring a response. The remaining allegations of paragraph 166 of SAC are denied.

167.

The allegations of paragraph 167 of SAC are denied.

168.

The allegations of paragraph 168 of SAC are denied.

169.

The allegations of paragraph 169 of SAC are denied.

170.

The allegations of paragraph 170 of SAC are denied.

171.

The allegations of paragraph 171 do not require a response by Defendants.

172.

Defendants deny Plaintiffs' Prayer for Relief, including all subparts.

## AFFIRMATIVE DEFENSES

**AND NOW FURTHER ANSWERING**, Defendants plead the following affirmative defenses:

### FIRST DEFENSE

Plaintiffs have failed to state a cause of action against Defendants.

### SECOND DEFENSE

Defendants assert the affirmative defense of qualified ("good faith") immunity under Federal, Arkansas and/or Texas law with regard to any claim against them in their individual capacity because it did not violate any clearly established statutory or constitutional rights of which a reasonable person would have known when performing discretionary functions.

### THIRD DEFENSE

Defendants assert the affirmative defense of absolute immunity under Federal, Texas and/or Arkansas law which protects public officials in their individual capacity.

### FOURTH DEFENSE

Defendants assert the affirmative defense of sovereign and governmental immunity under Federal, Texas and/or Arkansas law which protects the States, their agencies, political subdivisions and officials from suit and liability.

### FIFTH DEFENSE

Defendants assert the affirmative defense of official immunity under Federal, Texas and/or Arkansas law which protects governmental employees from personal liability.

### SIXTH DEFENSE

Defendants cannot be held generally liable under a theory of respondeat superior or for the torts of employees, subordinates or co-workers.

## SEVENTH DEFENSE

Defendants assert the affirmative defense of Monell municipal immunity because the Plaintiffs cannot establish a deprivation of rights protected by the Constitution or Federal law that was inflicted pursuant to an official, municipal, county, or governmental policy. Defendants assert that the Plaintiffs cannot establish that any official's deliberate conduct was the "moving force" behind the injuries alleged. Therefore, Plaintiffs cannot establish a causal link between any actions and any deprivation of federal rights.

## EIGHTH DEFENSE

Defendants assert the affirmative defense of Austin's contributory negligence or comparative fault.

## NINTH DEFENSE

Plaintiffs' damages, if any, were caused by the fault of others for whom Defendants are not responsible.

## TENTH DEFENSE

Austin's death was not caused by any defendant, but was caused by others for whom Defendants are not legally responsible, and/or resulted from natural causes.

## ELEVENTH DEFENSE

Defendants assert all defenses, limitations on liability, protections, and requirements afforded under the Texas Tort Claims Act, Tex. Civ. Prac. & Rem. Code Ann. §§ 101.001 *et seq.*, including the limitation on the amount of liability contained in § 101.023.

## TWELFTH DEFENSE

Defendants assert all defenses, limitations on liability, protections, and requirements afforded under Chapter 74 of the Texas Civil Practice and Remedies Code, including the limitation on damages contained in §§ 74.301 – 74.303.

## THIRTEENTH DEFENSE

Defendants assert the affirmative defenses of res judicata and collateral estoppel.

## FOURTEENTH DEFENSE

Defendants assert that any alleged injuries and damages were the result of a pre-existing and/or subsequently existing condition of Austin, and not the result of any act or omission on the part of the Defendants.

## FIFTEENTH DEFENSE

Upon subsequent investigation into the facts of this case, Defendants reserve the right to petition the Court for leave to amend their answer or affirmative defenses.

**WHEREFORE**, Defendants, Southwestern Correctional, LLC d/b/a LaSalle Corrections LLC; LaSalle Management Company, LLC, Bowie County, Texas; Amanda Hughes, Markesha Jones, Tiffany Hill, Brittany Cooksey, and Michelle Arnold, pray that their answer to Plaintiffs' Second Amended Complaint be deemed good and sufficient and, after due proceedings had, there be judgment herein in their favor and against plaintiffs, Mary Margaret Mathis, individually and as Administrator of the Estate of Holly Barlow-Austin; and Michael Glenn Austin, individually, dismissing their suit with prejudice, at plaintiffs' cost, and for all other general and equitable relief.

## CROSSCLAIM AND THIRD-PARTY DEMAND

**AND NOW, COMES** Defendants, ("Crossclaim and Third-Party Plaintiffs") to assert their crossclaim and third-party demand as follows:

1.

Made crossclaim defendants herein are:

a.    Timothy Reynolds, MD, a United States citizen who resides in the State of Texas;

b.    Steven Foltz, a United States citizen who resides in the State of Texas; and,

c.    James McCann, a United States citizen who resides in the State of Texas.

Collectively ("Crossclaim Defendants").

2.

Made third-party defendant herein is:

JHdocs, PLLC, a Texas Professional Limited Liability Company, located at 3515 Richmond Road, Texarkana, TX 75503 ("JHdocs").

3.

This Court has supplemental jurisdiction pursuant to 28 U. S.C. § 1367 as this crossclaim and third-party demand are so related to the plaintiffs' claims that they form a part of the same case or controversy.

4.

This Court has personal jurisdiction over each of the Crossclaim Defendants and JHdocs because they either (1) reside in this judicial district, or (2) have sufficient minimum contacts in the State of Texas, and the exercise of personal jurisdiction would not offend traditional notions of fair play and substantial justice.

5.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district and/or because all Crossclaim Defendants and JHdocs are subject to this Court's personal jurisdiction in this action.

6.

JHdocs, PLLC ("JHdocs") entered into a Professional Medical Services Agreement with LaSalle which was in effect during all times pertinent in this litigation (the "Agreement").

7.

JHdocs designated the following physicians and mid-level practitioners to provide and supervise the medical care at the Facility:

a.      Crossclaim Defendant, Timothy Reynolds, MD;

b.      Crossclaim Defendant, Steven Foltz,; and,

c.      Crossclaim Defendant, James McCann.

8.

Crossclaim Defendants in fact did provide and supervise the medical care at the Facility including but not limited to the medical care provided to Austin.

9.

Crossclaim and Third-Party Plaintiffs have denied and continue to deny, that they are in any manner liable to the plaintiffs under the allegations set forth in the SAC.  Crossclaim and Third-Party Plaintiffs assert that Crossclaim Defendants and JHdocs, who provided and supervised the medical care of Austin are responsible for any damages suffered by plaintiffs.  Thus, to the extent allowed by Texas law, Federal law and/or the Agreement, Crossclaim and Third-Party Plaintiffs seek indemnity and/or contribution against Crossclaim Defendants and JHdocs pursuant to the

Agreement, Federal law, Sec. 32.002, 33.003, and 33.004 of the Texas Civil Practice and Remedies Code, as well as all other provisions thereof which are relevant thereto.  Accordingly, if for any reason, adverse jury findings are made against Crossclaim and Third-Party Plaintiffs, then and in that event,  Crossclaim and Third-Party Plaintiffs seek to assert their full legal rights as to contribution and/or indemnity against Crossclaim Defendants and JHdocs.

   **WHEREFORE**, Crossclaim and Third-Party Plaintiffs respectfully pray that they be awarded a judgment in their favor, and against the crossclaim defendants and third-party defendants Timothy Reynolds, MD, Steven Foltz, James McCann, and JHdocs, PLLC, for full indemnity and/or contribution, together with attorneys' fees and costs incurred by Crossclaim and Third-Party Plaintiffs in defense of the claims asserted in the SAC, as determined by the Court.

     Respectfully Submitted:

     **MCGLINCHEY STAFFORD, PLLC**

     */s/M. Brent Hicks*
     **M. BRENT HICKS (Pro Hac Vice)**
     Louisiana Bar Roll #23778
     301 Main Street, 14th Floor
     Baton Rouge, Louisiana 70801
     Telephone: (225) 383-9000
     Facsimile:  (225) 343-3076
     bhicks@mcglinchey.com

     **DEIRDRE C. MCGLINCHEY (Pro Hac Vice)**
     Louisiana Bar Roll #24167
     McGLINCHEY STAFFORD
     601 Poydras Street, 12th Floor
     New Orleans, Louisiana 70130
     Telephone (504) 586-1200
     Facsimile   (504) 596-2800
     dmcglinchey@mcglinchey.com

**GREGG D. STEVENS**
Texas State Bar No. 19182500
**MELINDA L. HOGAN**
Texas State Bar No. 24106226
McGlinchey Stafford PLLC
Three Energy Square
6688 North Central Expressway, Suite 400
Dallas, Texas 75206
Telephone: (214) 445-2445
Facsimile:  (214) 445-2450
gstevens@mcglinchey.com
mhogan@mcglinchey.com

and

**PAUL MILLER**
Texas State Bar No. 14056050
**TROY HORNSBY**
Texas State Bar No. 00790919
Miller, James, Miller & Hornsby, L.L.P.
1725 Galleria Oaks Drive
Texarkana, Texas 75503
Telephone:  (903) 794-2711
Facsimile:  (903)792-1276
paul.miller@miller-james.com
troy.hornsby@miller-james.com

*Counsel for Defendants, Southwestern Correctional, LLC  d/b/a  LaSalle  Corrections;  LaSalle Management Company, LLC, Bowie County, Texas; Amanda  Hughes,  Markesha  Jones,  Tiffany  Hill, Brittany Cooksey and Michelle Arnold*

**<u>CERTIFICATE OF SERVICE</u>**

In accordance with the Eastern District of Texas' electronic filing procedures, I hereby certify that I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. A Notice of Electronic Filing will be sent by the Court to all counsel of record who have consented to email notification and electronic service. This document is available for viewing and downloading from the Court's ECF system. I hereby certify that if a party's counsel of record does not participate in Notice of Electronic Filing, I have served a copy on the party's counsel of record either by hand delivery, facsimile, electronic mail or placing same in the U.S. Mail, postage prepaid, on this 24th day of September, 2021.

*/s/M. Brent Hicks*
M. Brent Hicks