# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TEXARKANA DIVISION

| | |
|---|---|
| MARY MARGARET MATHIS, individually and as Administrator of the ESTATE OF HOLLY BARLOW-AUSTIN; and MICHAEL GLENN AUSTIN, individually, <br><br> Plaintiffs, <br><br> v. <br><br> SOUTHWESTERN CORRECTIONAL, LLC d/b/a LASALLE CORRECTIONS, LLC and LASALLE SOUTHWEST CORRECTIONS; LASALLE MANAGEMENT COMPANY, LLC; BOWIE COUNTY, TEXAS; TIMOTHY REYNOLDS, M.D., individually; STEVEN FOLTZ, individually; JAMES MCCANN, individually; MICHELLE ARNOLD, individually; TIFFANY HILL; individually; MARKESHA JONES, individually; AMANDA HUGHES, individually; BRITTANY COOKSEY, individually; and JOHN and JANE DOES 1-10. <br><br> Defendants. | NO.: 5:20-cv-00146-RWS-JBB |

## DECLARATION OF ERIK J. HEIPT

I, Erik J. Heipt, am one of the attorneys for the Plaintiffs in the above-captioned action. I declare under penalty of perjury that the following is true and correct and that the documents referenced herein were produced during the course of discovery in this case.

1.  Attached here to as Exhibit A is a true and correct copy of the Intake Screening Form for Holly Barlow-Austin dated April 6, 2019.

1

2. Attached here to as Exhibit B is a true and correct copy of Ms. Barlow-Austin's medical request form dated April 13, 2019.

3. Attached here to as Exhibit C is a true and correct copy of Garcia Laboratory's test results from April 17, 2019.

4. Attached here to as Exhibit D is a true and correct copy of LaSalle's nursing notes dated April 30, 2019.

5. Attached hereto as Exhibit E is a true and correct copy of the text message exchange dated April 30, 2019.

6. Attached here to as Exhibit F is a true and correct copy of the May 2, 2019 Individual Progress Note from Community Healthcore.

7. Attached here to as Exhibit G is a true and correct copy of the May 3, 2019 provider's notes.

8. Attached here to as Exhibit H is a true and correct copy of Ms. Barlow-Austin's medical request forms from May 2, 2019, May 19, 2019, May 22, 2019, and May 29, 2019.

9. Attached here to as Exhibit I is a true and correct copy of the expert report of Jaimie Meyers, M.D.

10. Attached here to as Exhibit J is a true and correct copy of the expert report of Homer Venters, M.D.

11. Attached here to as Exhibit K is a true and correct copy of the expert report of Lori Roscoe, DNP, APRN.

12. Attached here to as Exhibit L is a true and correct copy of excerpts from the deposition of Debbie Hall.

13. Attached here to as Exhibit M is a true and correct copy of Holly Barlow-Austin's cell assignment history.

14. Attached hereto as Exhibit N is a true and correct copy of excerpts from the deposition of Nathaniel Johnson, taken in the matter of *Jones v. Southwestern Correctional, LLC (d/b/a LaSalle Corrections, LLC) et al.*, No. 5:19-cv-104.

15. Attached here to as Exhibit O is a true and correct copy of the expert report of Catherine Fontenot.

16. Attached here to as Exhibit P is a true and correct copy of the sexual abuse screening reassessment form, dated June 7, 2019.

17. Attached as Exhibit Q is a true and correct copy of nursing progress notes from the morning of June 11, 2019.

18. Attached here to as Exhibit R is a true and correct copy of an email from LaSalle's Health Services Administrator Michelle Arnold dated June 11, 2019 at 10:06 am.

19. Attached hereto as Exhibit S is a true and correct copy of an email from LaSalle's Health Services Administrator Michelle Arnold dated June 11, 2019 at 2:52 pm.

20. Attached here to as Exhibit T are true and correct copies of excerpts from the deposition of Michelle Arnold.

21. Attached here to as Exhibit U are true and correct copies of the paperwork related to the termination of employment of Amanda Hughes.

22. Attached hereto as Exhibit V is a true and correct copy of facsimile transmittal from Sheriff James Prince to Warden McComick dated June 19, 2019.

23. Although Ms. Barlow-Austin was held in a medical observation cell for ten days (from June 1 to the morning of June 11, 2019), the only video surveillance footage that LaSalle has ever produced in this case is from the last 48-hours of her confinement—specifically, from the morning of June 9 at 8:28 a.m. until the morning of June 11 at 7:55 a.m. shortly before she was

taken to the hospital. Video surveillance footage from the period of June 1 until the morning of June 9 at 8:28 a.m. has never been produced and has apparently been forever destroyed.

24. Despite my best efforts to secure the production of *all* surveillance footage in discovery, LaSalle has never produced any additional footage from the overhead camera inside Ms. Barlow-Austin's observation cell, and defense counsel has assured me that LaSalle has produced all existing surveillance footage that exists. Attached hereto as Exhibit W is a supplemental discovery letter from defense counsel, dated August 27, 2021, indicating that "LaSalle has not located any additional surveillance footage."

25. Because I wanted to get to the bottom of what happened to the missing observation cell footage, I sent a discovery request to LaSalle on February 16, 2022, asking it to identify any individuals "tasked with or involved in preserving any video footage depicting any aspect of Ms. Barlow-Austin's April-June 2019 confinement" and the roles and responsibilities of any such person in doing so. A copy of Plaintiffs' February 16, 2022 discovery request is attached hereto as Exhibit X (Interrogatory No. 12).

26. In response to Plaintiffs' February 16, 2022 discovery request, LaSalle vaguely answered on March 18, 2022 that its warden "would have received and oversaw [sic] any request to preserve video footage." It further answered that its warden "would have instructed" its major, its lieutenant, its captain and/or a building manager to preserve the footage. A copy of LaSalle's March 18th discovery response to Interrogatory No. 12 is attached hereto as Exhibit Y.

27. In the ensuing months, I repeatedly sought more specific information from defense counsel about who was responsible for preserving the video footage from the camera in Ms. Barlow-Austin's medical observation cell. However, I was never able to get a specific answer. To this day, I do not know who was tasked with preserving the footage or why LaSalle failed to preserve it.

4

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

DATED this 31st day of October, 2022

        BUDGE & HEIPT, PLLC

        */s/ Erik J. Heipt*
        Erik J. Heipt
        Edwin S. Budge
        808 East Roy Street
        Seattle, Washington 98102
        ed@budgeandheip.com
        erik@budgeandheipt.com
        Telephone: (206) 624-3060
        Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

The undersigned certifies that on October 31, 2022, this document was filed with the Clerk of the Court for the United States District Court for the Eastern District of Texas, via the CM/ECF system, which will send notification of such filing to any counsel of record.

*/s/ Erik J. Heipt*
Erik J. Heipt